**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWYER CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-236-RWS |
| | ) | |
| T. BANKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This 28 U.S.C. § 2241 petition for writ of habeas corpus is before the Court upon transfer from the United States District Court for the Central District of California [Doc. #10].  Petitioner is an inmate at the Federal Correctional Institution in Victorville, California.  For the reasons set forth below, the Court will grant petitioner thirty (30) days from the date of this Memorandum and Order either to withdraw the instant petition for writ of habeas corpus under 28 U.S.C. § 2241, or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.

### Background

On April 28, 2004, a jury convicted petitioner in the Eastern District of Missouri of numerous firearm and drug violations.  See United States v. Campbell, No. 4:03-CR-499-RWS (E.D. Mo.).  On August 24, 2004, the Honorable Stephen

N. Limbaugh sentenced petitioner to 364 months' imprisonment and three years of supervised release.  The United States Court of Appeals for the Eighth Circuit affirmed the judgment on April 25, 2005.  See United States v. Campbell, No. 04-3082 (8th Cir. 2005).  The mandate issued on June 23, 2005.  To date, petitioner has not filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Petitioner filed the instant § 2241 action on July 13, 2011, in the United States District Court for the Central District of California [Doc. #1].  The case was transferred to the Eastern District of Missouri on February 10, 2012.

### Section 2241 Petition

In his § 2241 petition, petitioner asserts several claims of actual innocence based on newly discovered evidence.  Petitioner states that two of the arresting officers in his case (Officers Schwerb and Matthews) have been disciplined by the St. Louis Police Department, and he claims that this newly discovered evidence makes it clear that their testimony at trial was unreliable.[1]  In addition, petitioner

---

[1]Specifically, petitioner claims that on March 24, 2010, the federal public defender wrote him a letter stating that Officer Schwerb had been involved in the "World Series ticket scandal," in which a number of St. Louis police officers allegedly took illegal tickets for the 2006 World Series from scalpers outside Busch Stadium and gave them to family and friends, rather than turning them in as evidence.  The letter also stated that a second officer involved in petitioner's arrest, Matthews, had come under suspicion "in the last year" for possibly falsifying information in search warrant applications, and that although the officer was not prosecuted, a number of pending cases in which Matthews was the

challenges his firearm possession convictions on the basis of <u>Booker</u>[2] and <u>Apprendi</u>,[3] and he asserts that Judge Limbaugh was without jurisdiction to impose part of his sentence.

On February 8, 2012, after determining that petitioner was challenging the legality of his convictions and sentence rather than the manner in which his sentence has been executed, the California District Court concluded that his claims were more properly the subject of a motion brought under § 2255 [Doc. #9]. Because § 2255 motions must be heard in the sentencing court, the California Court determined that it was without jurisdiction to review the petition as having been brought under § 2255.  The Court further determined that it was in the interests of justice to transfer the case to the Eastern District of Missouri, because "[i]t is not altogether clear whether this action is time-barred" [Doc. #9, page 8].

## Discussion

Before reclassifying the instant petition as a § 2255 habeas corpus action, this Court must afford petitioner the opportunity either to withdraw the "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241),"

───────────────

arresting officer have been dismissed.

[2]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

[3]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

[Doc. #1] or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.  See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive petitioner of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions.  Thus, if the Court reclassifies the instant action under § 2255, petitioner's subsequent filing of a § 2255 motion could be dismissed as second or successive.[4]  Cf. Morales, 304 F.3d at 765.  Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer petitioner an opportunity either to withdraw his "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)," [Doc. #1] or to

---

[4]Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)," [Doc. #1] or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255.  Petitioner shall advise the Court of his choice, in writing.

Dated this 22nd day of March, 2012.

UNITED STATES DISTRICT JUDGE