# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LAWYER CAMPBELL, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:12-CV-236-RWS |
| | ) | |
| T. BANKS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of Lawyer Campbell's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. #17]. For the reasons set forth below, the Court will order movant to show cause as to why this action should not be dismissed as time-barred.

### **Background**

On April 28, 2004, a jury convicted movant in the Eastern District of Missouri of numerous firearm and drug violations. *See United States v. Campbell*, No. 4:03-CR-499-RWS (E.D. Mo.). On August 24, 2004, movant was sentenced to 364 months' imprisonment and three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on April 25,

2005.  *See United States v. Campbell*, No. 04-3082 (8th Cir. 2005).  The mandate issued on June 23, 2005.

On July 13, 2011, movant filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in the United States District Court for the Central District of California; the petition was signed on June 30, 2011 [Doc. #1].  In his § 2241 petition, movant asserted several claims of actual innocence based on newly discovered evidence.  Movant stated that two of the arresting officers in his case, Officers Schwerb and Matthews, had been disciplined by the St. Louis Police Department, and he claimed that this newly discovered evidence made it clear that their testimony at trial was unreliable.[1]  In addition, movant challenged his firearm

---

[1] Specifically, movant claimed that on March 24, 2010, the federal public defender wrote him a letter stating that Officer Schwerb had been involved in the "World Series ticket scandal," in which a number of St. Louis police officers allegedly took illegal tickets for the 2006 World Series from scalpers outside Busch Stadium and gave them to family and friends, rather than turning them in as evidence.  The letter also stated that a second officer involved in movant's arrest, Matthews, had come under suspicion "in the last year" for possibly falsifying information in search warrant applications, and that although the officer was not prosecuted, a number of pending cases in which Matthews was the arresting officer had been dismissed.

possession convictions on the basis of *Booker*,[2] and *Apprendi*,[3] and he asserted that the Court was without jurisdiction to impose part of his sentence.

On February 8, 2012, after determining that movant was challenging the legality of his convictions and sentence, rather than the manner in which his sentence has been executed, the California District Court concluded that movant's claims were more properly the subject of a motion brought under 28 U.S.C. § 2255 [Doc. #9]. Because § 2255 motions must be heard in the sentencing court, the California Court determined that it was without jurisdiction to review the petition as having been brought under § 2255. The Court further determined that it was in the interests of justice to transfer the case to the Eastern District of Missouri, because "[i]t is not altogether clear whether this action is time-barred" [Doc. #9, page 8]. The case was transferred to the Eastern District of Missouri on February 10, 2012.

Before reclassifying the instant action as a § 2255 habeas corpus action, this Court afforded movant the opportunity either to withdraw his § 2241 habeas petition or to consent to the Court's reclassification of the petition as a motion brought under 28 U.S.C. § 2255. *See Morales v. United States*, 304 F.3d 764, 765

---

[2] *United States v. Booker*, 543 U.S. 220 (2005).

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

3

(8th Cir. 2002). On April 6, 2012, movant filed his written consent to the Court's reclassification [Doc. #12]. The Court received movant's amended § 2255 motion to vacate on June 15, 2012 [Doc. #17].

## The Amended § 2255 Motion to Vacate

Movant seeks relief from his 2004 conviction and sentence on two grounds[4]: (1) ineffective assistance of counsel for failing to object at sentencing to the $450 special assessment portion of the sentence; and (2) actual innocence relative to Count VI of the superceding indictment due to newly discovered evidence. With regard to the latter ground, movant claims that an arresting officer in his case, Officer Schwerb, had been disciplined by the St. Louis Police Department, and he claims that this newly discovered evidence "could have been outcome determinative," because "if the jury had known that this Officer had a propensity for being dishonorable and a bent for stealing, there is a very reasonable probability that they would have disbelieved Officer Schwerb's incredible testimony."

---

[4]In his amended § 2255 motion, movant does not challenge his firearm possession convictions on the basis of *Booker* and *Apprendi*, nor does he claim that this Court was without jurisdiction to impose part of his sentence.

4

As to how and when movant learned of this information, he states: "On March 24, 2010, counsel who represented [him] during the criminal proceedings sent [him] a letter explaining that the Officer who alleged that [he] had a firearm (Officer Schwerb) had been caught stealing World Series tickets which should have been turned over to Police evidence personnel."

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

5

> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and subject to summary dismissal. The Eighth Circuit affirmed movant's conviction in April 2005, but movant did not sign his § 2241 petition for writ of habeas corpus that he filed with the California District Court [Doc. #1] until June 30, 2011. As such, movant's claim of ineffective assistance of counsel appears to be untimely.

With regard to movant's newly-discovered-evidence claim, the Court notes that Document #1, page 42 of 56, purports to be page 2 of Thomas F. Flynn's March 24, 2010 letter to movant regarding Officer Schwerb's involvement in the "World Series ticket scandal." Document #1, page 41 of 56, purports to be a letter from Erin Griebel, an attorney, to movant dated July 1, 2010, in which Mr. Griebel states: "I am in receipt of your letter, forwarded to me by Attorney Eric Selig. You inquired whether your appeal could be re-opened in light of the corruption charges against the arresting officers in your case." Thus, in light of the March 24 and July 1, 2010 letters, it would appear that movant became aware of the "new evidence" relative to Officer Schwerb more than one year prior to June 30, 2011,

6

the date he signed his § 2241 petition for habeas corpus, and therefore, the instant § 2255 habeas motion is untimely.

Because this action appears to have been filed outside the one-year statute of limitations, and movant has not advanced an explanation that warrants tolling of the one-year statute of limitations, the Court will order him to show cause within thirty (30) days of the date of this Order as to why this matter should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because the instant motion appears to be time-barred.

**IT IS FURTHER ORDERED** that movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 26th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE