UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWYER CAMPBELL, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:12-CV-236-RWS |
| | ) |
| T. BANKS, et al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of movant's response to this Court's June 26, 2012, Memorandum and Order, instructing movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred [Doc. #21]. Having carefully reviewed the response, the Court concludes that movant's arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255(1).

In his response to show cause, movant concedes that his ineffective assistance of counsel claim is time-barred. Regarding his newly-discovered-evidence claim, movant argues that he "is not subject to the strictures of 28 U.S.C. § 2255(1) . . . as the claim was discovered after the time for filing the first 2255 motion had long since elapsed." Movant has apparently misconstrued the basis of this Court's finding that the instant action is time-barred. The Court's rationale is not that

movant filed this action more than one year after his judgment and sentence became final, but rather, that he filed it more than one year after he became aware of the alleged newly-discovered evidence.[1]  Movant does not dispute this finding, and therefore, this case must be dismissed as untimely because it was filed outside of the one-year statute of limitations.

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because the instant 28 U.S.C. § 2255 motion is time-barred.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 20th day of August, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1]As this Court previously stated in its June 26, 2012 Memorandum and Order [Doc. 18], "Document #1, page 42 of 56, purports to be page 2 of Thomas F. Flynn's March 24, 2010 letter to movant regarding Officer Schwerb's involvement in the 'World Series ticket scandal.'  Document #1, page 41 of 56, purports to be a letter from Erin Griebel, an attorney, to movant dated July 1, 2010, in which Mr. Griebel states: 'I am in receipt of your letter, forwarded to me by Attorney Eric Selig.  You inquired whether your appeal could be re-opened in light of the corruption charges against the arresting officers in your case.'  Thus, in light of the March 24 and July 1, 2010 letters, it would appear that movant became aware of the 'new evidence' relative to Officer Schwerb more than one year prior to June 30, 2011, the date he signed his § 2241 petition for habeas corpus, and therefore, the instant § 2255 habeas motion is untimely."