UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LAWYER CAMPBELL, | ) | |
|---|---|---|
| Movant, | ) | |
| vs. | ) | Case No. 4:12 CV 236 RWS |
| T. BANKS, et al., | ) | |
| Respondents. | ) | |

# MEMORANDUM AND ORDER

On August 20, 2012, I dismissed Movant Lawyer Campbell's 28 U.S.C. § 2255 habeas petition because it was filed beyond the one-year statute of limitations period set out in 28 U.S.C. § 2255 (f)(4). More than a year later, On January 9, 2014, Campbell filed a motion for relief from my August 20, 2012 order. Campbell seeks relief under Fed. R. Civ. P. 60(b)(5) or 60(b)(1), or in the alternative, under 28 U.S.C. § 255(f)(2). Campbell argues that, although his habeas petition was time barred, he is entitled to an equitable exception to the time bar under McQuiggin v. Perkins, 133 S.Ct. 1924 (2013) based on his claim of actual innocence.[1] Because Campbell's actual innocence claim fails to show that no reasonable juror would have convicted him in light of his new evidence, he cannot overcome the fact that his petition is time barred. Moreover, his sole remaining ground for relief in his § 2255 petition is that he is actually innocent of a gun charge. A freestanding claim of actual innocence is not a cognizable ground

---

[1] I note that the McQuiggin decision was handed down on May 28, 2013, which is nine months after I dismissed Campbell's habeas petition as untimely. The Supreme Court did not give any indication that McQuiggin should be applied retroactively to habeas cases already dismissed as untimely or otherwise on collateral review. Even assuming, without deciding, that McQuiggin applies retroactively, Campbell's claim of an actual innocence fails on the merits.

for federal habeas relief. As a result, I will deny Campbell's Rule 60(b) motion.

**Background**

On April 28, 2004, a jury convicted Campbell of numerous firearm and drug violations involving two separate incidents in United States v. Campbell, Cause No. 4:03 CR 499 SNL. On August 24, 2004, Campbell was sentenced to 364 months of imprisonment and three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on April 25, 2005 and its mandate was issued on June 23, 2005.

Campbell did not seek any further relief in his criminal case until he filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Central District of California on July 13, 2011.[2] The petition was signed by Campbell on June 30, 2011. In that petition Campbell challenged his conviction on several grounds, including that he was actually innocent based on newly discovered evidence. The newly discovered evidence was revealed to Campbell in a letter from his former public defender. The letter stated that two of the six arresting officers in Campbell's criminal case, Officer Steve Schwerb and Officer Matthews, had been disciplined by the St. Louis Police Department for activities in 2006 and 2009.[3]

The California District Court determined that because Campbell was challenging his

---

[2] Campbell was imprisoned in a federal facility in California at the time he file his petition.

[3] Specifically, Campbell claimed that on March 24, 2010, the federal public defender wrote him a letter stating that Officer Schwerb had been involved in the "World Series ticket scandal," in which a number of St. Louis police officers allegedly took illegal tickets for the 2006 World Series from scalpers outside Busch Stadium and gave them to family and friends, rather than turning them in as evidence. The letter also stated that a second officer involved in Campbell's arrest, Officer Matthews, had come under suspicion "in the last year" for possibly falsifying information in search warrant applications, and that although the officer was not prosecuted, a number of pending cases in which Matthews was the arresting officer had been dismissed.

underlying conviction, his claims should have been brought under 28 U.S.C. § 2255 rather than 28 U.S.C. § 2241. As a consequence, the case was transferred to this Court where Campbell amended his petition and submitted it under 28 U.S.C. § 2255. His amended petition asserted two grounds for relief: (1) ineffective assistance of counsel for counsel's failing to object at sentencing to the $450.00 special assessment portion of his sentence; and (2) actual innocence relative to the possession or use of a firearm in furtherance of a drug trafficking crime. The second ground concerns Officer Schwerb's testimony at the 2004 trial that Campbell had a gun when he was arrested. Campbell maintained at trial that he never had a firearm. Campbell argues that his newly discovered evidence, that Schwerb was disciplined for his involvement in the 2006 World Series ticket scandal, shows that Schwerb has a "propensity to steal and is therefore, indicative of his criminal bent and his intent to be deceitful." Campbell seeks a new trial to introduce this evidence about Schwerb which Campbell believes will result in an acquittal on the firearms charge stemming from his arrest on July 15, 2003.

  I reviewed Campbell's petition and noted that Campbell became aware of the allegations against Schwerb in a letter from his public defender dated March 24, 2010. In support of his petition, Campbell also submitted a letter, dated July 1, 2010, from attorney Erin Griebel, in which Griebel states "I am in receipt of your letter, forwarded to me by Attorney Eric Selig. You inquired whether your appeal could be re-opened in light of the corruption charges against the arresting officers in your case." In light of these letters dated March 24, 2010 and July 1, 2010, it is clear that Campbell was aware of the "new evidence" relative to Schwerb more than one-year prior to June 30, 2011, when he signed the habeas petition he filed in California District Court. On June 6, 2012, I issued an order stating that Campbell's petition seemed to be time barred based on these letters (his $450.00 special assessment claim was ripe years earlier and obviously

time barred) and gave Campbell the opportunity to argue why his petition should not be dismissed as untimely. Campbell filed a response to my order in which he conceded that his claim regarding his $450.00 special assessment was time barred but asserted that his actual innocence claim should be decided on the merits. On August 20, 2012, I dismissed Campbell's petition as time barred because Campbell was aware of the newly discovered evidence more than a year before he filed his § 2241 petition in the California District Court.

More than a year later, on January 9, 2014, Campbell filed a motion for relief from my August 20, 2012 order dismissing his case. Campbell seeks relief under Fed. R. Civ. P. 60(b)(5) or 60(b)(1), or in the alternative, under 28 U.S.C. § 255(f)(2). [4] Campbell argues that, although his habeas petition was time barred, he is entitled to an equitable exception to the time bar based on his actual innocence claim in light of the decision in McQuiggin v. Perkins, 113 S.Ct. 1924 (2013).[5]

**Analysis**

In McQuiggin, the United States Supreme Court held that an actual innocence claim may

---

[4] Campbell's motion under Fed. R. Civ. P 60(b)(1) is not a viable ground for relief. Such a motion must be filed no later than one year after the entry of the challenged judgment or order. Fed. R. Civ. P. 60(c)(1). Nor is Campbell's motion under 28 U.S.C. § 2255(f)(2) a viable ground for relief. Campbell does not challenge a ruling on the merits, he is challenging a procedural dismissal on statute of limitations grounds. Such a motion is properly brought under Rule 60(b). Moreover, if Campbell was seeking relief under § 2255(f)(2) he must first seek an order form the United States Court of Appeals for the Eighth Circuit authorizing the district court to consider Campbell's second / successive habeas petition. See 28 U.S.C. § 2244(b)(3)(A). Nor does Rule 60(b)(5) apply to Campbell's motion. However, in order to address Campbell's claims I will construe his motion as one under Rule 60(b)(6).

[5] To the extent that Campbell's motion to vacate the judgment can be construed to assert claims in addition to the two claims he asserted in his § 2255 petition before this Court, these claims are construed as a successive habeas petition and are barred from this Court's consideration under 28 U.S.C. § 2244(b)(3)(A).

qualify as an equitable exception gateway for federal habeas review of a petition filed after the one-year statute of limitations period has expired. The exception requires a petitioner to present a viable claim of actual innocence based on new evidence and "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). The Court noted the actual innocence gateway standard is demanding and seldom met. Id. at 1928. "The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." Id. at 1936. (internal quotation and citation omitted).

In order to avoid a dismissal of his untimely petition under the McQuiggin standard, Campbell must establish that his new evidence regarding Officer Schwerb would more likely than not convince a jury to acquit Campbell on the gun charge which is the basis of his actual innocence claim. His ability to establish an actual innocence claim is only relevant to whether Campbell can avoid the statute of limitations bar. [6]

Schwerb testified at trial that Campbell had a gun at the time of his arrest on July 15, 2003, which Campbell denies. Campbell believes that Schwerb's involvement in the World Series ticket scandal in 2006 would show a jury that he had a propensity for dishonesty which would so undermine his credibility that a jury would not believe his testimony that Campbell had a gun in 2003. The actions of Schwerb in 2006 regarding tickets is unrelated to and extremely tenuous at best to his arrest of Campbell in 2003. Schwerb's involvement in the ticket scandal more than three years after Campbell's arrest, even if it were admissible at a trial, does not make

---

[6] Actual innocence is also the basis for Campbell's sole ground for relief in his habeas petition. As discussed in this order, a freestanding claim of actual innocence is not a recognized ground for federal habeas relief.

it more likely than not a jury would discredit Schwerb's testimony about the gun.

Moreover, Officer Schwerb testified at trial that he and Officer Sloan struggled to arrest Campbell, that during the struggle Schwerb realized that Campbell had a gun in his waistband, Schwerb yelled "gun," the gun fell to the ground during the struggle, Schwerb kicked gun away, and Officer Gabriel Keithley picked it up. [Tr. II, 25 - 29][7] Schwerb testified that after Campbell was read his rights he stated, "I should have shot it out with you motherfuckers from the get-go. Either I would have died or got away, but I wouldn't be going to prison." [Id. at 33] Officer Keithley was also present when Campbell was being subdued. He testified that Schwerb yelled "gun" as he was grappling with Campbell and that Schwerb kicked a gun toward Keithley. [Tr. II, 82 - 84]

The testimony of Officer Keithley fully supports Officer Schwerb's testimony that Campbell had a gun at the time of his arrest. This supporting testimony combined with the tenuous evidence regarding Schwerb's connection with the ticket scandal three years later does not support Campbell's actual innocence claim. Based on this evidence, Campbell cannot carry his burden to establish that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Campbell has failed to meet the standard established in McQiggin for an equitable exception to the one-year statute of limitations based on a claim of actual innocence. As a result, I will deny Campbell's motion for relief of the judgment dated August 20, 2012.

I note that even if Campbell could establish his actual innocence to the gun charge based on Schwerb's ticket activity in 2006, he still would not be entitled to federal habeas relief. A

---

[7] The transcript citations are taken from Campbell's trial in United States v. Campbell, Cause No. 4:03 CR 499 SNL. Doc. # 81.

claim of actual innocence alone has never been held to be an independent, freestanding ground for federal habeas relief. An actual innocence claim is considered only as a gateway to attempt to overcome a procedural bar to a review on the merits of a petitioner's claims. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). "[F]ederal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution-not to correct errors of fact." Id. at 400. The "remedy for claims of innocence based on new evidence, discovered too late in the day to file a new trial motion, has been executive clemency" not federal habeas relief. Id. at 417.

Accordingly,

**IT IS HEREBY ORDERED that** Movant Lawyer Campbell's motion for relief from the judgement of August 20, 2012 [#24] is **DENIED**.

**IT IS FURTHER ORDERED that** Campbell's motions to appoint counsel [#s 32 and 35] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of September, 2014.